■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT M. TEELE, Appellant. [937 NYS2d 692]—

McCarthy, J.

Defendant waived indictment and pleaded guilty to a superior court information charging him with criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the third degree and criminally using drug paraphernalia in the second degree. Defendant was sentenced as a second felony offender in accordance with the plea agreement to four years in prison on the criminal sale charge, to be followed by three years of postrelease supervision, 2 to 4 years in prison on the criminal possession of a weapon charge and one year in jail on the drug paraphernalia charge, all of which were to run concurrently. Defendant now appeals.

Initially, we note that because defendant did not move to withdraw his plea or vacate the judgment of conviction, his challenge to the voluntariness and facial sufficiency of his plea is unpreserved for our review (*see People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]). Contrary to defendant's contention, the narrow exception to the preservation requirement is inapplicable here, as defendant made no statements during the plea allocution that tended to negate a material element of the crimes or otherwise called into question the voluntariness of his plea (*see People v White*, 84 AD3d 1641, 1642 [2011]; *People v Davis*, 84 AD3d 1645, 1646 [2011], *lv denied* 17 NY3d 815 [2011]). As for defendant's claim that the recitation of the facts in connection with the crime of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]) did not establish that the semi-automatic handgun was operable, "we note that the exception to the preservation rule applies only where a recitation of facts casts significant doubt on a defendant's guilt and not, as here, where 'the sufficiency of the articulation of the element is challenged' " (*People v Martinez-Velazquez*, 89 AD3d 1318, 1319 [2011], quoting *People v Vonderchek*, 245 AD2d 979, 980 [1997], *lv denied* 91 NY2d 945 [1998]). To the extent that any of defendant's arguments are preserved, we find that defendant's responses to County Court's inquiries sufficiently established both defendant's guilt and that he entered a knowing, voluntary and intelligent plea.

Mercure, A.P.J., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.