Mercure, J.P.
In satisfaction of a 19-count indictment and uncharged state tax crimes, defendant pleaded guilty to welfare fraud in the second degree and grand larceny in the third degree, and waived her right to appeal her conviction and sentence. She was sentenced, according to the plea agreement, to two concurrent prison terms of 2 to 6 years and ordered to pay restitution and surcharges totalling approximately $100,000. She now appeals, arguing that her appeal waiver is invalid and that her sentence is harsh and excessive.
We affirm. During the plea colloquy, Supreme Court fully and separately explained to defendant the nature of the appeal rights she was waiving and the consequences of doing so. Defendant, after conferring with counsel, orally confirmed that she understood and agreed to waive those rights, and also executed a written appeal waiver that acknowledged her understanding that the right to appeal is not automatically forfeited upon a plea of guilty and that she had consulted with her attorney concerning the legal ramifications of her waiver. Under these circumstances, we find that defendant validly waived her right to appeal her conviction and sentence (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Lewis, 70 AD3d 1068, 1068 [2010], lv denied 15 NY3d 752 [2010]; cf. People v Maracle, 19 NY3d 925, 927-928 [2012]; People v Bradshaw, 18 NY3d 257, 267 [2011]), thereby precluding review of her claim that her *854 sentence is harsh and excessive (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Phelan, 77 AD3d 987, 988 [2010], lv denied 16 NY3d 834 [2011]).
Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).