Rose, J.
Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered September 8, 2009, convicting defendant upon his plea of guilty of the crime of scheme to defraud in the first degree.
Defendant and a codefendant were charged in a 26-count indictment with numerous theft-related crimes. In connection therewith, defendant entered into a plea memorandum setting forth the terms of a plea agreement, which included waiving his right to appeal. Thereafter, he pleaded guilty to the crime of scheme to defraud in the first degree in full satisfaction of the indictment. At some point on that same date, he also executed a separate written waiver of his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a predicate felon to IV2 to 3 years in prison, which sentence was to run concurrently with two other sentences he was then serving. Defendant now appeals.
Initially, we agree with defendant that the waiver of his right to appeal was invalid. Although the written waiver was comprehensive and included a provision indicating that it was *1056 separate from the other rights that he was forfeiting as a result of his guilty plea, absolutely no mention of such waiver was made during the plea proceedings. Consequently, it is impossible to ascertain if defendant understood the nature or ramifications of the waiver or the rights he was forfeiting. Under these circumstances, this record does not provide us with a sufficient basis for concluding that the waiver was knowing, voluntary and intelligent (see People v Bradshaw, 18 NY3d 257, 265 [2011] ; People v Burton, 93 AD3d 949, 949 [2012], lv denied 19 NY3d 958 [2012]; People v Borden, 91 AD3d 1124, 1125 [2012], lv denied 19 NY3d 862 [2012]) and, therefore, we find it to be unenforceable.
Defendant next challenges the factual sufficiency of the plea allocution. While not precluded by the invalid waiver, this issue is unpreserved as the record before us indicates that defendant has failed to move to withdraw his plea or vacate the judgment of conviction (see People v Teele, 92 AD3d 972, 972 [2012]; People v Klages, 90 AD3d 1149, 1150 [2011], lv denied 18 NY3d 925 [2012] ). Moreover, the exception to the preservation requirement is inapplicable inasmuch as defendant did not make any statements that were inconsistent with his guilt or that called into question the voluntariness of his plea (see People v Teele, 92 AD3d at 972; People v Jones, 88 AD3d 1029, 1029 [2011], lv denied 18 NY3d 859 [2011]). Therefore, we find no reason to disturb the judgment of conviction.
Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.