Stein, J.
Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered May 3, 2010 in Schenectady County, convicting defendant upon her plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was charged with various crimes arising out of two incidents in 2009 during which she stole the victim’s cellular telephone and, the following day, fired a shot into a vehicle containing the same victim and others, including a five-year-old girl. In satisfaction of the charges, defendant pleaded guilty to criminal possession of a weapon in the second degree and waived her right to appeal. County Court thereafter imposed the agreed-upon sentence of 10 years in prison, to be followed by *1057 five years of postrelease supervision. Defendant now appeals, arguing that her appeal waiver was invalid and that her sentence was harsh and excessive.
We affirm. Contrary to her argument, we find that defendant knowingly and voluntarily waived her right to appeal. During the plea colloquy, County Court distinguished the right to appeal from the rights forfeited by the guilty plea and explained to defendant the ramifications of the waiver (see People v Lopez, 97 AD3d 853, 853 [2012], lv denied 19 NY3d 1027 [2012]). Defendant affirmed that she had discussed the waiver with counsel, and the court confirmed that defendant had executed a written appeal waiver, which acknowledged that she was voluntarily waiving the right to appeal her conviction and sentence (see People v Tolliver, 92 AD3d 1024, 1024 [2012]; People v McDuffie, 89 AD3d 1154, 1156 [2011], lv denied 19 NY3d 964 [2012]). Further, contrary to defendant’s contention, we find nothing coercive or unfair concerning the negotiated plea bargain that would render the waiver unenforceable (see People v Holman, 89 NY2d 876, 878 [1996]; People v Seaberg, 74 NY2d 1, 11 [1989]; People v Redden, 246 AD2d 391, 391 [1998], lv denied 91 NY2d 1011 [1998]). As a result of defendant’s valid waiver of the right to appeal her conviction and sentence (see People v Maracle, 19 NY3d 925 [2012]), her contention that her sentence is harsh and excessive is precluded from our review (see People v Gertzberg, 94 AD3d 1293, 1293 [2012]; People v Cano, 93 AD3d 994, 994 [2012], lv denied 19 NY3d 995 [2012]).
Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.