Egan Jr., J.
Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered September 25, 2009, convicting defendant upon her plea of guilty of the crimes of arson in the third degree and burglary in the third degree.
Defendant previously was convicted of arson in the third degree (two counts) and burglary in the third degree (two counts) after she twice set fire to a residence being constructed by her former paramour. Upon appeal, this Court reversed and dismissed the indictment due to a defect in the grand jury proceedings (48 AD3d 886 [2008]). Defendant was reindicted for the same crimes and, in full satisfaction of that indictment, thereafter pleaded guilty to one count of arson in the third degree and one count of burglary in the third degree and waived her right to appeal. County Court sentenced defendant to the agreed-upon aggregate prison term of 22/s to 8 years, and defendant now appeals.
We affirm. The record reflects that defendant executed a written waiver of the right to appeal, and County Court adequately explained the nature of the rights forfeited thereby. Accordingly, defendant’s challenge to the validity of such waiver—raised for the first time in her reply brief—is meritless (see People v Carbone, 101 AD3d 1232, 1233 [2012]). Although defendant’s challenge to the voluntariness of her plea survives her appeal waiver, the record does not reflect that defendant moved to withdraw her plea or vacate the judgment of conviction; hence, *1066 this issue is unpreserved for our review (see People v Empey, 73 AD3d 1387, 1388 [2010], lv denied 15 NY3d 804 [2010]). The narrow exception to the preservation requirement is not implicated here, as nothing in the record casts doubt upon defendant’s guilt or otherwise calls into question the voluntariness of her plea (see People v Abrams, 75 AD3d 927, 928 [2010]; People v Empey, 73 AD3d at 1388). In any event, defendant’s present claim—that she pleaded guilty because she thought she would be sentenced to a prison term of l1 Is to 7 years—is belied by the record. During the plea colloquy, County Court twice recited that the plea included an aggregate sentence of 22/s to 8 years in prison and, each time, defendant affirmatively indicated that she understood the sentence being proposed. Finally, defendant’s challenge to the severity of the agreed-upon sentence is foreclosed by her valid waiver of appeal (see People v Seitz, 67 AD3d 1251, 1252 [2009]).
Mercure, J.P., Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.