THIRD DEPARTMENT, MAY, 2013

(May 2, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY FALLEN, Appellant. [963 NYS2d 777]—

Stein, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered November 19, 2010, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

As the result of an incident in which defendant pursued and fatally stabbed the victim, he was indicted on charges of murder in the second degree and criminal possession of a weapon in the third degree. Defendant pleaded guilty to murder in the second degree in satisfaction of the indictment, and waived his right to appeal. Due to his unwillingness to admit that he intended to kill the victim, he was permitted to enter an *Alford* plea. County Court imposed the agreed-upon prison sentence of 17 years to life, and defendant now appeals.

We affirm. Contrary to defendant's initial contention, he validly waived his right to appeal despite the fact that he was erroneously advised that the waiver would encompass a challenge to the voluntariness of his guilty plea. Defendant executed a detailed written waiver specifying that he was forfeiting the right to raise issues on appeal to the full extent that he could legally do so. The written waiver and plea colloquy further establish that defendant's appellate rights had been explained to him by counsel, that any questions he had regarding the waiver

of those rights had been addressed and that he voluntarily executed the waiver. When viewed in that context, any reference to defendant's waiver of his right to challenge the voluntariness of the plea merely emphasized "that the waiver was intended to be all encompassing," and we find that defendant knowingly, intelligently and voluntarily waived his right to appeal from the judgment of conviction and sentence (*People v Allen*, 82 NY2d 761, 763 [1993]; *see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Glynn*, 73 AD3d 1290, 1290-1291 [2010]).

Defendant next asserts that County Court erred in accepting his *Alford* plea. Although that argument survives his appeal waiver to the extent that it implicates the voluntariness of his plea (*see People v Ebert*, 15 AD3d 781, 782 [2005]), it is unpreserved given the absence of record evidence that he moved to withdraw the plea or to vacate the judgment of conviction (*see People v Ture*, 94 AD3d 1163, 1164 [2012], *lv denied* 19 NY3d 968 [2012]; *People v Rivera*, 48 AD3d 1092, 1093 [2008], *lv denied* 10 NY3d 869 [2008]). In any event, the record establishes "that the *Alford* plea represented an intelligent and voluntary choice [by] defendant given the alternatives and that the information considered by County Court" provided an ample basis from which to conclude that defendant intended to cause the victim's death (*People v Ebert*, 15 AD3d at 782; *see People v Ture*, 94 AD3d at 1164).

Defendant's remaining argument, that the sentence imposed was harsh and excessive, is precluded by his valid appeal waiver (*see People v Cullen*, 101 AD3d 1391, 1391 [2012]).

Lahtinen, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.