■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN McCALL, Also Known as MAC, Appellant. [965 NYS2d 387]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 13, 2011, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In satisfaction of an indictment as well as other pending charges, defendant pleaded guilty to a single count of attempted criminal sale of a controlled substance in the third degree and waived his right to appeal his conviction and sentence. In accord with the negotiated plea agreement, he was sentenced as a second felony offender to 6½ years in prison, followed by two years of postrelease supervision. Defendant now appeals, arguing that the appeal waiver was not valid and his sentence is harsh and excessive.

We affirm, finding that defendant knowingly waived his right to appeal his conviction and sentence. The record reveals that defendant executed a written waiver of his right to appeal in open court after he was properly advised regarding the separate nature of the appeal rights he was waiving and the consequences of doing so (*see People v Cullen*, 101 AD3d 1391, 1391 [2012]; *People v Lopez*, 97 AD3d 853, 853 [2012], *lv denied* 19 NY3d 1027 [2012]). Consequently, defendant is precluded from challenging the severity of his sentence, and we find no basis to disturb the judgment of conviction.

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.