■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLBY SYLVAN, Appellant. [968 NYS2d 628]—

Egan Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 16, 2011, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Following jury selection, and in satisfaction of an eight-count indictment, defendant pleaded guilty to attempted robbery in the first degree, waived his right to appeal his conviction and sentence and thereafter was sentenced, as a second felony offender, to 13 years in prison followed by five years of postrelease supervision. Defendant now appeals contending, among other things, that the victims' pretrial identification of him should have been suppressed as unduly suggestive.

Initially, to the extent that defendant's brief may be read as challenging the validity of his waiver of the right to appeal, we find defendant's argument to be unpersuasive. The plea colloquy reflects that County Court explained the significance of the appeal waiver to defendant, who professed his understanding thereof and thereafter executed a written waiver of the right to appeal. Under such circumstances, we find defendant's waiver to be knowing, intelligent and voluntary (*see People v Carbone,* 101 AD3d 1232, 1233 [2012]).

Defendant's remaining arguments do not warrant extended discussion. The valid waiver of appeal precludes defendant's challenge to County Court's denial of his motion to suppress certain identification testimony (*see People v Mattison,* 94 AD3d 1157, 1158 [2012]; *People v Spruill,* 90 AD3d 1242, 1243 [2011], *lv denied* 18 NY3d 998 [2012]; *People v Moreno,* 86 AD3d 863, 864 [2011], *lv denied* 17 NY3d 954 [2011]), as well as his claim that the sentence imposed was harsh and excessive (*see People v Mattison,* 94 AD3d at 1158; *People v Moreno,* 86 AD3d at 864). Any argument regarding the factual sufficiency of the underlying plea also is foreclosed by defendant's valid waiver and, further, is unpreserved for our review absent evidence that defendant moved to withdraw his plea or vacate the judgment of conviction (*see People v Leone,* 101 AD3d 1352, 1352 [2012], *lv denied* 21 NY3d 913 [2013]; *People v Benson,* 100 AD3d 1108, 1108 [2012]). Although defendant's challenge to the voluntariness of his plea survives the foregoing waiver, it, too, is unpreserved for our review in the absence of an appropriate postallocution motion (*see People v Revette,* 102 AD3d 1065, 1065-1066 [2013]; *People v Martinez-Velazquez,* 89 AD3d 1318, 1319 [2011]). Further, the narrow exception to the preservation requirement was not triggered here, "as nothing in the plea allocution cast doubt on his guilt or negated an essential element of the crime" (*People v Williams,* 101 AD3d 1174, 1174 [2012]; *see People v McGowan,* 98 AD3d 1192, 1193 [2012]).

Finally, although defendant now contends that counsel pressured him to plead guilty and failed to properly investigate his case, explore potential defenses or adequately confer with him,

such claims implicate matters outside the record and, as such, are more properly considered in the context of a CPL article 440 motion (*see People v Carbone*, 101 AD3d at 1234-1235; *People v Terpening*, 79 AD3d 1367, 1368 [2010], *lv denied* 16 NY3d 837 [2011]).* The balance of defendant's ineffective assistance of counsel claim—to the extent that it impacts upon the voluntariness of his plea—survives defendant's otherwise valid waiver of the right to appeal but, again, in the absence of an appropriate motion, is unpreserved for our review (*see People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Boone*, 101 AD3d 1358, 1359 [2012], *lv denied* 20 NY3d 1096 [2013]). We have examined defendant's remaining contentions and find them to be lacking in merit.

Peters, P.J., Rose and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant expressly acknowledged—prior to pleading guilty—that he had discussed the immigration consequences of such a plea with counsel. To the extent that defendant now deems that discussion to have been inadequate, this argument also is best addressed in a motion pursuant to CPL article 440 (*see People v Drammeh*, 100 AD3d 650, 651 [2012], *lv denied* 20 NY3d 1098 [2013]; *People v Reynoso*, 88 AD3d 1162, 1162-1163 [2011]).