■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH TORRES, Appellant. [972 NYS2d 738]—

Stein, J. Appeal from a judgment of the Supreme Court (R. Sise, J.), rendered November 5, 2010 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and petit larceny.

Defendant pleaded guilty to both counts of an indictment charging him with burglary in the second degree and petit larceny and waived his right to appeal. At sentencing, defendant's request for youthful offender status was denied and he was thereafter sentenced to concurrent terms of four years plus five years of postrelease supervision on the burglary conviction and one year on the petit larceny conviction. Defendant appeals.

We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. Supreme Court distinguished the right to appeal from the rights forfeited by defendant's guilty plea, and defendant acknowledged that he understood the appeal waiver. Further, defendant signed a written waiver in open court, which acknowledged that he had discussed the waiver with counsel and that he was voluntarily, knowingly and intelligently waiving his right to appeal his conviction and sentence (*see People v Foote*, 102 AD3d 1056, 1057 [2013], *lv denied* 20 NY3d 1098 [2013]; *People v Shaver*, 92 AD3d 978, 979 [2012], *lv denied* 18 NY3d 998 [2012]). Defendant's valid waiver of the right to appeal precludes both his claim that Supreme Court improperly denied him youthful offender treatment (*see People v Brabham*, 83 AD3d 1225, 1225 [2011]; *People v Cullen*, 62 AD3d 1155, 1157 [2009], *lv denied* 13 NY3d 795 [2009]) and his request that we exercise our interest of justice jurisdiction to grant him youthful offender status (*see People v Rahim*, 78 AD3d 1240, 1241 [2010]). Therefore, the judgment is affirmed.

Peters, P.J., McCarthy and Spain, JJ., concur. Ordered that the judgment is affirmed.