■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH C. DURHAM, Appellant. [973 NYS2d 425]—

Peters, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 19, 2011, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

Defendant was charged in an indictment with various crimes after an infant under his care sustained serious injuries, including brain damage. In satisfaction thereof, he pleaded guilty to attempted assault in the first degree and waived his right to appeal both orally and in writing. In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender to 15 years in prison, to be followed by five years of postrelease supervision. In addition, he was ordered to pay restitution. Defendant now appeals.

Initially, defendant's challenge to the factual sufficiency of his guilty plea is precluded by his valid waiver of the right to appeal and is also unpreserved for our review inasmuch as the record does not indicate that he moved to withdraw his plea or vacate the judgment of conviction (*see People v Frank*, 100 AD3d 1145, 1146 [2012]; *People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]). Contrary to defendant's claim, the transcript of the plea proceeding does not reveal that he made statements negating essential elements of the crime or that otherwise cast doubt upon his guilt such as to compel County Court to conduct a further inquiry (*see People v Van Bramer*, 26 AD3d 672, 673 [2006], *lv denied* 7 NY3d 764 [2006]). Defendant's challenge to the severity of the sentence is likewise foreclosed by his valid appeal waiver (*see People v Walker*, 47 AD3d 965, 966 [2008]; *People v Nesbitt*, 23 AD3d 836, 837 [2005], *lv denied* 6 NY3d 816 [2006]).

Insofar as the record discloses that County Court initially ordered defendant to pay restitution yet failed to set forth the time and manner of such payment, we modify the judgment by

vacating the restitution order and remitting for such purpose (*see People v Dickson*, 260 AD2d 931, 934 [1999], *lv denied* 93 NY2d 1017 [1999]; *People v Dixon*, 156 AD2d 976, 976 [1989]).

Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as failed to set forth the time and manner by which restitution is to be made; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.