■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY F. OSGOOD, Appellant. [974 NYS2d 662]—

Stein, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered June 13, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant waived indictment and was charged in a superior

court information with criminal possession of a weapon in the third degree. He pleaded guilty to that charge, waived his right to appeal and, thereafter, was sentenced as a second felony offender to the agreed-upon prison term of $2^1/_2$ to 5 years. Defendant now appeals.

We affirm. Initially, we are unpersuaded by defendant's contention that the appeal waiver is invalid. The record and plea colloquy establish that defendant was informed that the right to appeal was separate from the other rights forfeited by the guilty plea and that his counsel adequately explained those rights before defendant executed a detailed written waiver in open court. Consequently, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal the conviction and sentence (*see People v Sylvan*, 107 AD3d 1044 [2013]; *People v Fallen*, 106 AD3d 1118, 1118-1119 [2013]). Given the validity of the appeal waiver, defendant's challenges to the sufficiency of the plea and harshness of his sentence are foreclosed (*see People v Sylvan*, 107 AD3d at 1044). Although defendant's challenge to the voluntariness of his plea survives the appeal waiver, it is not preserved for our review as the record does not reflect that defendant moved to withdraw his plea or vacate the judgment of conviction (*see People v Estrada*, 102 AD3d 1064, 1064-1065 [2013]). Furthermore, as defendant did not make any statements during the plea allocution that negated an essential element of the crime or otherwise cast doubt on his guilt, the narrow exception to the preservation rule is inapplicable (*see People v Bouton*, 107 AD3d 1035, 1035 [2013], *lv denied* 21 NY3d 1072 [2013]; *People v Revette*, 102 AD3d 1065, 1065-1066 [2013]). Similarly, defendant's ineffective assistance of counsel argument, to the extent that it survives the appeal waiver, is unpreserved for our review absent a motion to withdraw his plea or vacate the judgment of conviction (*see People v Bouton*, 107 AD3d at 1035; *People v Colon*, 106 AD3d 1367, 1367 [2013]).

Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.