Lahtinen, J.
Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered June 22, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the second degree. In conjunc *1002 tion with his plea of guilty to that charge, he waived his right to appeal his conviction and sentence orally and in a written waiver. He was thereafter sentenced as a second felony offender, in accordance with the plea agreement, to 6V2 years in prison followed by five years of postrelease supervision. Defendant now appeals, contending that his appeal waiver is invalid and that his sentence is harsh and excessive.
We affirm. Despite defendant’s contention otherwise, we find that he knowingly waived his right to appeal both his plea and sentence. In our view, defendant was properly advised regarding the nature of the appeal rights he was waiving and the consequences of doing so (see People v Lopez, 97 AD3d 853, 853 [2012], lv denied 19 NY3d 1027 [2012]; cf. People v Maracle, 19 NY3d 925, 928 [2012]; People v Bradshaw, 18 NY3d 257, 264-265 [2011]). Even if we accept defendant’s argument that one of the statements that County Court made while discussing the waiver was ambiguous, any possible confusion was clearly resolved in the written waiver, which defendant acknowledged that he signed after fully discussing its meaning with counsel (see People v Ramos, 7 NY3d 737, 738 [2006]). As it stands, the record confirms that defendant was made aware of the appropriate information to make a knowing and voluntary choice (see People v Frasier, 105 AD3d 1079, 1080 [2013]; People v White, 96 AD3d 1299, 1299-1300 [2012], lv denied 19 NY3d 1029 [2012]). Given our conclusion that defendant validly waived his right to appeal, we are precluded from considering his claim that the sentence imposed is harsh or excessive (see People v Lopez, 97 AD3d at 853-854).
Peters, EJ., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.