■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM MAUGHAN, Appellant. [977 NYS2d 503]—Garry, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 14, 2012, convicting defendant upon his plea of guilty of the crime of aggravated driving while intoxicated.

Defendant waived indictment and pleaded guilty to a superior court information charging him with aggravated driving while intoxicated. Pursuant to the plea agreement, defendant agreed to complete one year of interim probation, with the understanding that upon his successful completion of the interim probation, probation would be continued and he would receive one year of credit for the time spent on interim probation. However, defendant was advised that if he failed to successfully complete interim probation, he could be sentenced to a prison term of up to four years. Defendant also waived his right to appeal as part of the plea agreement. Thereafter, defendant admitted to violating the terms of his interim probation. Based upon this admission, County Court vacated the interim probation and sentenced defendant to a prison term of 1 to 4 years. Defendant now appeals.

We affirm. Defendant's valid waiver of the right to appeal, which he does not challenge, precludes his sole contention on appeal that his sentence is harsh and excessive (*see People v Musser*, 106 AD3d 1334, 1335 [2013]; *People v Morrison*, 106 AD3d 1201, 1202 [2013]). Accordingly, the judgment is affirmed.

Rose, J.P., Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.