Garry, J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered July 29, 2010, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to attempted assault in the first degree and waived his right to appeal. Prior to sentencing, defendant was assigned new counsel and moved to withdraw his plea, arguing that it was not voluntarily, knowingly or intelligently entered. County Court denied the motion and thereafter sentenced defendant in accordance with the plea agreement to a prison term of five years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, we reject defendant’s contention that he did not knowingly waive the right to appeal. County Court separately and fully advised defendant as to the appeal rights he was waiving and explained the waiver’s ramifications, and defendant executed a counseled written waiver, which acknowledged that he was voluntarily, knowingly and intelligently waiving the right to appeal his conviction and sentence (see People v Torres, 110 AD3d 1119, 1119 [2013], lv denied 22 NY3d 1044 [2013]; People v Foote, 102 AD3d 1056, 1057 [2013], lv denied 20 NY3d 1098 [2013]). Defendant’s valid waiver precludes his claim that his sentence is harsh and excessive (see People v Audette, 108 AD3d 943, 944 [2013]; People v Fallen, 106 AD3d 1118, 1119 [2013]).
Defendant next claims that his plea was not voluntarily entered, because he lacked an understanding of the plea, the plea was a product of duress and he received ineffective assistance of counsel. Although his claim is not precluded from judicial review (see People v Carbone, 101 AD3d 1232, 1233-1234 [2012]; People v Shurock, 83 AD3d 1342, 1343-1344 [2011]), it is *1116 unpersuasive. Contrary to defendant’s contention, a review of the plea colloquy reveals that County Court informed defendant that his sentence would include five years of postrelease supervision and defendant affirmed his understanding. Moreover, County Court fully explained the ramifications of the plea and the rights that defendant was relinquishing by pleading guilty, including the waiver of potential justification and intoxication defenses. Defendant’s claim of being under duress at the time of his plea is belied by the record, as County Court provided defendant with additional time to discuss the plea with family members and counsel and, in an extensive colloquoy, ensured that defendant was entering the plea voluntarily. Regarding defendant’s claim of ineffective assistance of counsel, the record reflects that counsel made appropriate pretrial motions and negotiated an advantageous plea. In short, there is “nothing in the record at the time of the plea [that] calls into question the voluntariness of [the] plea or indicates that it was rendered so due to counsel’s representation” (People v Herringshaw, 83 AD3d 1133, 1134 [2011]). Defendant’s remaining claims of ineffective assistance of counsel, including that counsel had a conflict of interest, failed to adequately explain the terms of the plea agreement or discuss with him the viability of certain defenses, all involve matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Wilson, 92 AD3d 981, 981-982 [2012], lv denied 19 NY3d 1029 [2012]; People v Hanna, 303 AD2d 838, 839 [2003]).
Peters, PJ., Rose and Egan Jr., JJ, concur.
Ordered that the judgment is affirmed.