■ The People of the State of New York, Respondent, v Alexander Mydosh, Appellant. [984 NYS2d 687]—

Stein, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 12, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to one count of criminal possession of a weapon in the third degree and waived his right to appeal, orally and in writing. He was thereafter sentenced, in accord with the plea agreement and as a second felony offender, to three years in prison to be followed by five years of postrelease supervision. Defendant now appeals, and we affirm.

Despite defendant's contention otherwise, we initially find that his appeal waiver was made knowingly, voluntarily and intelligently. In defendant's written waiver, which was executed in court, he acknowledged that he discussed the waiver with his counsel and that he was knowingly and voluntarily waiving the right to appeal his conviction and sentence (see *People v Torres*, 110 AD3d 1119, 1119 [2013], *lv denied* 22 NY3d 1044 [2013]; *People v Fallen*, 106 AD3d 1118, 1119 [2013], *lv denied* 22 NY3d 1156 [2014]). Additionally, the record demonstrates defendant's understanding that the waiver was separate and distinct from the rights he was relinquishing by pleading guilty (see *People v*

---

*Diaz*, 72 AD3d 1349, 1350 [2010], *lv denied* 15 NY3d 773 [2010])
and that he was thoroughly advised of its ramifications (*see
People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Fling*, 112
AD3d 1001, 1002 [2013]; *People v Henion*, 110 AD3d 1349, 1350
[2013], *lv denied* 22 NY3d 1088 [2014]; *People v Foote*, 102 AD3d
1056, 1057 [2013], *lv denied* 20 NY3d 1098 [2013]).

Defendant also claims that the indictment was jurisdiction-
ally defective. Although such claim survives both his guilty plea
and appeal waiver, it is nonetheless without merit (*see People v
Martinez*, 106 AD3d 1379, 1379 [2013], *lv denied* 22 NY3d 957
[2013]; *People v Kamburelis*, 100 AD3d 1189, 1189-1190 [2012]).
Finally, defendant's challenge to the factual sufficiency of his
guilty plea is both precluded by his appeal waiver and unpre-
served for our review due to his apparent failure to make an ap-
propriate postallocution motion (*see People v MacDonald*, 113
AD3d 968, 968 [2014]; *People v Durham*, 110 AD3d 1145, 1145
[2013]; *People v Sylvan*, 107 AD3d 1044, 1045 [2013], *lv denied*
22 NY3d 1141 [2014]). Contrary to defendant's contentions, he
said nothing during the plea colloquy that would bring this case
within the narrow exception to the preservation rule (*see People
v MacDonald*, 113 AD3d at 968; *People v Sylvan*, 107 AD3d at
1045).

To the extent not specifically addressed, defendant's remain-
ing claims have been considered and found to be lacking in
merit.

Peters, P.J., Rose and Egan Jr., JJ., concur. Ordered that the
judgment is affirmed.