Stein, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 12, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to one count of criminal possession of a weapon in the third degree and waived his right to appeal, orally and in writing. He was thereafter sentenced, in accord with the plea agreement and as a second felony offender, to three years in prison to be followed by five years of postrelease supervision. Defendant now appeals, and we affirm.
Despite defendant’s contention otherwise, we initially find that his appeal waiver was made knowingly, voluntarily and intelligently. In defendant’s written waiver, which was executed in court, he acknowledged that he discussed the waiver with his counsel and that he was knowingly and voluntarily waiving the right to appeal his conviction and sentence (see People v Torres, 110 AD3d 1119, 1119 [2013], lv denied 22 NY3d 1044 [2013]; People v Fallen, 106 AD3d 1118, 1119 [2013], lv denied 22 NY3d 1156 [2014]). Additionally, the record demonstrates defendant’s understanding that the waiver was separate and distinct from the rights he was relinquishing by pleading guilty (see People v *1196 Diaz, 72 AD3d 1349, 1350 [2010], lv denied 15 NY3d 773 [2010]) and that he was thoroughly advised of its ramifications (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Fling, 112 AD3d 1001, 1002 [2013]; People v Henion, 110 AD3d 1349, 1350 [2013], lv denied 22 NY3d 1088 [2014]; People v Foote, 102 AD3d 1056, 1057 [2013], lv denied 20 NY3d 1098 [2013]).
Defendant also claims that the indictment was jurisdiction-ally defective. Although such claim survives both his guilty plea and appeal waiver, it is nonetheless without merit (see People v Martinez, 106 AD3d 1379, 1379 [2013], lv denied 22 NY3d 957 [2013]; People v Kamburelis, 100 AD3d 1189, 1189-1190 [2012]). Finally, defendant’s challenge to the factual sufficiency of his guilty plea is both precluded by his appeal waiver and unpreserved for our review due to his apparent failure to make an appropriate postallocution motion (see People v MacDonald, 113 AD3d 968, 968 [2014]; People v Durham, 110 AD3d 1145, 1145 [2013]; People v Sylvan, 107 AD3d 1044, 1045 [2013], lv denied 22 NY3d 1141 [2014]). Contrary to defendant’s contentions, he said nothing during the plea colloquy that would bring this case within the narrow exception to the preservation rule (see People v MacDonald, 113 AD3d at 968; People v Sylvan, 107 AD3d at 1045).
To the extent not specifically addressed, defendant’s remaining claims have been considered and found to be lacking in merit.
Peters, EJ., Rose and Egan Jr., JJ, concur.
Ordered that the judgment is affirmed.