■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. FLIGGER, JR., Appellant. [986 NYS2d 689]—Lahtinen, J.

Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered January 29, 2013, convicting defendant upon his plea of guilty of the crime of failure to register under the Sex Offender Registration Act.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with failing to report an address change within 10 days pursuant to Correction Law § 168-f (4). Thereafter, defendant pleaded guilty pursuant to a plea agreement and, as part of that agreement, waived his right to appeal both orally during the plea colloquy and in a written waiver. County Court then sentenced defendant to the agreed-upon prison term of 2 to 6 years and defendant now appeals, contending that his appeal waiver is invalid and that his sentence is harsh and excessive.

We affirm. Defendant signed a detailed written waiver and the record clearly established that County Court separately explained the right to appeal and defendant acknowledged that he had discussed the waiver with counsel and that he understood it. Accordingly, contrary to defendant's contention, we find that his waiver of appeal was knowing, intelligent and voluntary (*see People v Fling*, 112 AD3d 1001, 1001-1002 [2013]; *People v Baliraj*, 101 AD3d 1175, 1176 [2012], *lv denied* 21 NY3d 941 [2013]). Defendant, therefore, is precluded from challenging his sentence as harsh and excessive (*see People v Monk*, 113 AD3d 999, 1000 [2014]; *People v Maughan*, 112 AD3d 1233, 1233 [2013]).

Peters, P.J., McCarthy, Garry and Devine, JJ., concur. Ordered that the judgment is affirmed.