(December 24, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MERRILL, Appellant. [999 NYS2d 265]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 22, 2012, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant pleaded guilty to attempted burglary in the second degree and waived his right to appeal. County Court thereafter sentenced him to five years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's contention, the plea colloquy and counseled written waiver executed by him demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Long, 117 AD3d 1326, 1326 [2014], lv denied 24 NY3d 1003 [2014]; People v Frasier, 105 AD3d 1079, 1080 [2013], lv denied 22 NY3d 1088 [2014]). His challenge to the voluntariness of his plea, which survives his appeal waiver, is unpreserved for our review as the record does not reflect that he made an appropri-

ate postallocution motion (*see People v Fate*, 117 AD3d 1327, 1328 [2014]; *People v Dozier*, 115 AD3d 1001, 1001 [2014]). Further, the narrow exception to the preservation rule is inapplicable here, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or that call into question the voluntariness of his plea (*see People v Chavis*, 117 AD3d 1193, 1194 [2014]; *People v Watson*, 115 AD3d 1016, 1017 [2014], *lv denied* 24 NY3d 965 [2014]). Finally, defendant's contention that the imposed sentence is harsh and excessive is foreclosed by his valid waiver of the right to appeal (*see People v Brown*, 115 AD3d 1115, 1115 [2014], *lv denied* 24 NY3d 959 [2014]; *People v Waldron*, 115 AD3d 1116, 1117 [2014], *lv denied* 23 NY3d 969 [2014]).

McCarthy, Rose, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed.