### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 29, 2015                105564
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

KEVIN DEVAULT,
                        Appellant.
_____


Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____


        Gail B. Rubenfeld, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Katy
Schlichtman of counsel), for respondent.

_____


Lynch, J.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered May 22, 2012, convicting defendant
upon his plea of guilty of the crimes of course of sexual conduct
in the first degree, course of sexual conduct in the second
degree, rape in the second degree and incest in the second
degree.

        In satisfaction of a 17-count indictment, defendant pleaded
guilty to course of sexual conduct in the first degree, course of
sexual conduct in the second degree, rape in the second degree
and incest in the second degree.  Defendant also executed a
written waiver of his right to appeal.  Following the denial of
defendant's motion to vacate the plea, County Court sentenced him
to an aggregate term of 25 years in prison, to be followed by 20

years of postrelease supervision.  Defendant now appeals.

    We affirm.  Initially, we reject defendant's argument that his waiver of the right to appeal is invalid.  Any ambiguity in County Court's discussion of the waiver was resolved by the written waiver and defendant's oral confirmation that he both had signed the written waiver in the presence of counsel and was waiving his right to appeal voluntarily (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Fling, 112 AD3d 1001, 1002 [2013], lv denied 23 NY3d 1020 [2014]; see also People v Bradshaw, 18 NY3d 257, 266-267 [2011]).  Defendant's sole remaining challenge on this appeal is that his plea must be deemed involuntary inasmuch as his recitation of the facts did not establish the elements of the crimes to which he pleaded guilty.  This argument amounts to a challenge to the facial sufficiency of his plea and is barred by defendant's valid waiver of the right to appeal and his failure to preserve the issue by raising it in his motion to withdraw his plea (see People v Long, 117 AD3d 1326, 1326-1327 [2014], lv denied 24 NY3d 1003 [2014]; People v Mydosh, 117 AD3d 1195, 1196 [2014], lv denied 24 NY3d 963 [2014]).  Moreover, this is not the "rare case" that comes "within the narrow exception to the preservation requirement" inasmuch as defendant's factual recitation did not actually negate an essential element of the crime to which he pleaded (People v Worden, 22 NY3d 982, 985 [2013] [internal quotation marks and citation omitted]; see People v Mydosh, 117 AD3d at 1196; People v Teele, 92 AD3d 972, 972 [2012]).

    Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.


    ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court