*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    106696
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

KATHERINE M. MAYO,
                    Appellant.
_____

Calendar Date:  June 5, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Bruce Evans Knoll, Albany, for appellant.

        Stuart M. Cohen, Special Prosecutor, Rensselaer, for
respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered January 10, 2014, convicting
defendant upon her plea of guilty of the crime of criminal
mischief in the third degree.

        Defendant waived indictment, pleaded guilty to a superior
court information charging her with criminal mischief in the
third degree and waived her right to appeal.  County Court
thereafter sentenced her, as a second felony offender, to a
prison term of 1½ to 3 years.  Defendant now appeals.

        We affirm.  Contrary to defendant's contention, her waiver
of the right to appeal was valid.  Both the plea colloquy and the
written waiver informed her of the separate and distinct nature

of her right to appeal, and County Court confirmed that defendant had discussed the waiver with counsel and understood its ramifications.  Accordingly, we conclude that she knowingly, intelligently and voluntarily waived the right to appeal her conviction and sentence (see People v Lyman, 119 AD3d 968, 969 [2014]; People v Fligger, 117 AD3d 1343, 1344 [2014], lv denied 23 NY3d 1061 [2014]).  Defendant's valid waiver precludes her contention that her sentence is harsh and excessive (see People v Velazquez, 125 AD3d 1063, 1063 [2015], lv denied 25 NY3d 993 [2015]; People v Merrill, 123 AD3d 1339, 1340 [2014]).

Defendant's challenge to the factual sufficiency of her guilty plea and her claim that the plea should be vacated because County Court failed to inquire as to a potential intoxication defense are unpreserved for our review, inasmuch as the record does not indicate that she made an appropriate postallocution motion (see People v Pearson, 110 AD3d 1116, 1116 [2013]; People v Campbell, 81 AD3d 1184, 1185 [2011]).  Moreover, defendant did not make any statements during the plea colloquy that cast doubt upon her guilt or negated an essential element of the crime so as to trigger the narrow exception to the preservation rule or obligate County Court to undertake further inquiry concerning a potential intoxication defense (see People v Brown, 125 AD3d 1049, 1049-1050 [2015]; People v Pearson, 110 AD3d at 1116).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court