McCarthy, J.P.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered September 20, 2013 in Albany County, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.
Defendant was charged with a number of crimes arising from an incident in which he forced his girlfriend into his vehicle and then engaged in a high speed chase with police down a city street. In satisfaction of these and other potential charges, he pleaded guilty to reckless endangerment in the first degree and waived his right to appeal. In accordance with the plea agreement, defendant was sentenced as a second felony offender to 2 to 4 years in prison. He now appeals.
Defendant claims that his guilty plea was factually deficient as depraved indifference, a necessary element of the crime of reckless endangerment in the first degree, was not established during the plea allocution. This claim, however, is not preserved for our review given that defendant did not make an appropriate postallocution motion (see People v Mayo, 130 AD3d 1099, 1100 [2015]; People v Bryant, 128 AD3d 1223, 1224 [2015], lv denied 26 NY3d 926 [2015]).* Moreover, the exception to the preservation requirement is inapplicable inasmuch as defend *1115 ant did not make any statements during the plea colloquy that negated an essential element of the crime (see People v Mayo, 130 AD3d at 1100; People v Devault, 124 AD3d 1140, 1141 [2015], lv denied 25 NY3d 989 [2015]). We note that it was not necessary for defendant to engage in a factual recitation of the elements of the crime and that his affirmative responses to the court’s questions were sufficient to establish his guilt (see People v Pickett, 128 AD3d 1275, 1276 [2015], lv denied 26 NY3d 933 [2015]; People v Hyson, 56 AD3d 890, 891 [2008], lv denied 12 NY3d 758 [2009]).
Defendant further asserts that defense counsel misadvised him during the course of the proceedings and that he was, therefore, denied the effective assistance of counsel. That claim is based on advice that counsel gave outside the record and is more properly the subject of a CPL article 440 motion (see People v Pickett, 128 AD3d at 1276; People v Goldston, 126 AD3d 1175, 1178 [2015], lv denied 25 NY3d 1201 [2015]).
Garry, Rose and Devine, JJ., concur.
Ordered that the judgment is affirmed.

 Although defendant executed a waiver of his right to appeal, the waiver does not preclude his challenge to the guilty plea given that he was not advised of the separate and distinct nature of the rights forfeited by the waiver and, therefore, the waiver is invalid (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Pope, 129 AD3d 1389, 1390 [2015]).