People v Gravell (2020 NY Slip Op 04344)





People v Gravell


2020 NY Slip Op 04344


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

110186B

[*1]The People of the State of New York, Respondent,
v
Geoffrey Gravell, Appellant.

Calendar Date: June 26, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered January 11, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to burglary in the second degree and was required to waive his right to appeal. Under the terms of the plea agreement, he was obligated to pay restitution in an amount not to exceed $100. In accordance therewith, he was sentenced as a second felony offender to eight years in prison followed by five years of postrelease supervision. At sentencing, however, Supreme Court ordered that defendant pay restitution of $161.62 based on information contained in the presentence investigation report. After adding a five percent surcharge, the court issued an order directing restitution in the amount of $169.70. Defendant appealed and, when this case was previously before this Court, we rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (177 AD3d 1198 [2019]).
Defendant contends that Supreme Court improperly enhanced the sentence by ordering him to pay restitution in an amount greater than what was agreed to under the plea agreement. The record supports his claim, and the People concede that the restitution award should be reduced. Although defendant failed to preserve his claim by requesting a hearing or objecting to the amount of restitution at sentencing, we deem it appropriate to take corrective action in the interest of justice (see People v Waldron, 176 AD3d 1260, 1261 [2019]; People v Dunn, 160 AD3d 1202, 1203 [2018]). As defendant was not sentenced in accordance with the plea agreement, the matter must be remitted to Supreme Court to provide defendant with the opportunity to either accept the sentence with the enhanced restitution award or withdraw his guilty plea (see People v Waldron, 176 AD3d at 1261). In addition, as Supreme Court failed to set forth the time and manner of payment of the amount of restitution in the restitution order, this omission must also be addressed upon remittal (see People v Durham, 110 AD3d 1145, 1145-1146 [2013]; People v Dickson, 260 AD2d 931, 934 [1999], lv denied 93 NY2d 1017 [1999]).
Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the restitution order imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.