People v Nolasco-Gutierrez (2024 NY Slip Op 05606)

People v Nolasco-Gutierrez

2024 NY Slip Op 05606

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

113515
[*1]The People of the State of New York, Respondent,
v
Marcus Manuel Nolasco- Gutierrez, Appellant.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl Mancini of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Tioga County (Gerald A. Keene, J.), rendered January 28, 2022, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
Defendant was charged in an indictment, along with two codefendants,[FN1] with murder in the second degree, burglary in the first degree and three counts of criminal possession of a weapon in the second degree. Defendant thereafter entered into a detailed cooperation/plea agreement with the District Attorney's office relative to the prosecution of his codefendants, which provided, among other things, that defendant would plead guilty to burglary in the first degree and be sentenced to a prison term of 15 years, to be followed by five years of postrelease supervision. After pleading guilty to burglary in the first degree and subsequently complying with the terms of the agreement, County Court sentenced him in accordance with the terms of the cooperation agreement. County Court also imposed restitution, joint and severally with his codefendants, in the amount of $5,880. Defendant appeals.
Defendant contends that, given his level of cooperation and extreme remorse over the death of the victim, the sentence imposed is harsh and severe. We disagree. Defendant received an advantageous plea agreement, avoiding a potential conviction of murder, and the agreed-upon sentence was less than the statutory maximum prison term of 25 years (see Penal Law § 70.02 [1] [a]; [3] [a]). Considering the mitigating and aggravating circumstances, we are unpersuaded that the negotiated sentence is unduly harsh or severe (see CPL 470.15 [6] [b]; People v Brown, 213 AD3d 1035, 1036 [3d Dept 2023], lv denied 39 NY3d 1153 [2023]; People v Willard, 159 AD3d 1228, 1230 [3d Dept 2018], lv denied 31 NY3d 1154 [2018]).
Defendant also contends that County Court impermissibly enhanced his sentence by imposing restitution without offering him an opportunity to withdraw his plea. Although defendant did not preserve this issue for our review by requesting a hearing or challenging its imposition at sentencing, we nevertheless take corrective action in the interest of justice (see People v Gravell, 185 AD3d 1354, 1355 [3d Dept 2020]; People v Waldron, 176 AD3d 1260, 1261 [3d Dept 2019]). "[A] sentencing court may not impose a more severe sentence than one bargained for without providing the defendant the opportunity to withdraw his or her plea" (People v Waldron, 176 AD3d at 1261 [internal quotation marks and citations omitted]; see People v Curry, 123 AD3d 1381, 1384 [3d Dept 2014], lv denied 25 NY3d 950 [2015]). The People concede that the payment of restitution was not part of the cooperation/plea agreement and that defendant should have been given the opportunity to either withdraw his plea or accept the enhanced sentence of restitution. Accordingly, we must remit the matter to County Court to either impose the agreed-upon sentence or give defendant the option of withdrawing his plea before [*2]imposing the restitution (see People v Gravell, 185 AD3d at 1355; People v Waldron, 176 AD3d at 1261; People v Brasmeister, 136 AD3d 1122, 1123 [3d Dept 2016], lv denied 27 NY3d 993 [2016]; compare People v Cooper BB., 229 AD3d 944, 944-945 [3d Dept 2024]).
Garry, P.J., Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the restitution order imposed; matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Two other codefendants were charged separately.