■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS AYLESWORTH, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Lipp, J.), imposed December 22, 1987, upon his conviction of conspiracy in the fifth degree, upon his plea of guilty, the sentence being 3 years' probation, with a determinate term of 60 days' imprisonment as a condition thereof and running concurrently therewith, and 200 hours of community service and continued therapy as additional conditions thereof.

Ordered that the sentence is modified, as a matter of discretion in the interest of justice, by vacating the 60-day term of imprisonment imposed as one of the conditions of probation; as so modified, the sentence is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Upon our review of the record, we believe that the exceptionally compelling circumstances of this case warrant the substitution of our discretion for that of the sentencing court in the interest of justice and the vacatur of so much of the sentence as imposed a period of incarceration. Significantly, the prosecutor delivered a highly impassioned plea to the sentencing court against the imposition of a term of imprisonment. On appeal, the People adhere to the position that a jail term is not warranted. Moreover, the Probation Department concluded in its presentence report to the court that the defendant should not be incarcerated.

The defendant's participation in the events underlying his

conviction occurred during a period when he was seriously addicted to drugs. The defendant has since completed an extensive drug rehabilitation program and continues to remain drug free. During the course of the investigation leading to the conviction of the defendant and his six codefendants, the defendant candidly admitted his part in the scheme to defraud an insurance company and fully cooperated with the law enforcement authorities at great personal risk to himself and his family. Moreover, his honesty about his participation in the scheme has irreparably damaged his personal and professional reputation. The defendant's once-thriving veterinary practice and, indeed, his license to practice veterinary medicine have been destroyed by his actions. In view of the defendant's great remorse, his cooperation and the harm he has suffered in his personal and professional life, the probationary period together with the other conditions thereof are sufficient to serve the objectives of criminal sanctions. Mollen, P. J., Thompson, Bracken and Lawrence, JJ., concur.