■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RILEY, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County (Demakos, J.), imposed September 23, 1988, upon his adjudication as a youthful offender, after a plea of guilty to assault in the second degree, the sentence being six months' imprisonment to run concurrently with and as a condition of five years' probation, and 400 hours of community service.

Ordered that the sentence is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's conviction arose out of his involvement in a brutal attack on three black males, which occurred in the Howard Beach area of Queens County during the early morning hours of December 20, 1986 *(see, People v Kern,* 149 AD2d

187 [decided herewith]). By the defendant's own admission, he was involved in the initial confrontation and subsequent chase of Michael Griffith, one of the black males, through the streets of Howard Beach, which resulted in Griffith being struck and killed by a passing motorist on the Belt Parkway as he was attempting to escape his assailants. The defendant however, disclaimed any involvement in the subsequent events which occurred that evening, including the beating of a second black man, Cedric Sandiford. Pursuant to a written agreement with the Special State Prosecutor, who was charged with the investigation of the facts surrounding the Howard Beach attack and the prosecution of those responsible for that which occurred, the defendant agreed to cooperate with the investigation, waive immunity and testify against other individuals involved. In exchange for the defendant's cooperation, the Special State Prosecutor agreed to permit the defendant to plead guilty to one count of assault in the second degree (Penal Law § 120.05) in satisfaction of all charges arising out of his involvement in the incident and to support the defendant's application to the court for youthful offender treatment. While the Special State Prosecutor did not agree to make any specific sentencing recommendation to the court on the defendant's behalf, he did commit himself to advise the sentencing court of the defendant's cooperation.

The defendant fully complied with the terms of the aforesaid agreement and testified both before the Grand Jury and at the trial of others involved. On September 23, 1988, the defendant was sentenced as a youthful offender to six months' imprisonment to run concurrently with and as a condition of five years' probation which was conditioned upon his performance of 400 hours of community service. By order of this court dated October 19, 1988, execution of the defendant's sentence was stayed pending appeal.

On appeal, the defendant urges that his sentence should be modified by vacating the six months' imprisonment. In support of his position, the defendant cites his cooperative efforts in the investigation and prosecution of those involved in the attack, which was fully documented by a letter submitted to the sentencing court by the Special State Prosecutor. The defendant notes further that as a result of his cooperation, he and his family were ostracized by the Howard Beach community and were placed in physical danger, necessitating police protection. Finally, the defendant submits that of the several youths involved in the attack, he was the only one who showed remorse for his actions.

We conclude that the six months' imprisonment imposed was neither harsh nor excessive and was appropriate in view of the circumstances of this case *(see, People v Suitte,* 90 AD2d 80). In the first instance, we note that the sentencing minutes reflect that the court expressly considered the defendant's cooperative efforts with law enforcement officials, his remorsefulness and his limited role in the attack. Moreover, while the aforesaid factors militate in the defendant's favor, the fact remains that as a result of the defendant's conduct along with the others involved, in chasing Michael Griffith through the dark streets of Howard Beach, Griffith met his untimely death on the Belt Parkway. In view of the racially motivated nature of the defendant's actions, coupled with the serious consequences thereof, including, the senseless death of Michael Griffith, we find that the six months' imprisonment was appropriate.

This case is distinguishable from *People v Aylesworth* (143 AD2d 353), relied upon by the defendant. In *Aylesworth,* this court determined that the defendant's sentence of a six-month prison term, imposed as a condition of the defendant's probation, should be vacated. The defendant in that case, who had pleaded guilty to conspiracy in the fifth degree, had participated in an insurance fraud scheme while addicted to drugs. During the police investigation, the defendant, who had since enrolled in a drug rehabilitation program, cooperated with law enforcement officials at personal risk to himself and his family. The *Aylesworth* court concluded that these facts, as well as the prosecution's concession that a jail term was not appropriate, warranted vacatur of the six month prison term. Unlike the case at bar, however, *People v Aylesworth (supra)* did not involve a reprehensible racially motivated attack which resulted in the death of one of those attacked. Accordingly, we find the defendant's reliance on *Aylesworth* to be misplaced.

The defendant also seeks modification of the imposed sentence to expressly provide that the six months' imprisonment be a condition of and run concurrently with the five years' probation. Although the sentencing court imposed the six-month prison term and five years' probation without specifying whether the prison and probationary sentences were to be consecutive or concurrent, Penal Law § 60.01 (2) (d) provides that when a sentence of incarceration is imposed along with a term of probation, "[t]he sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation". Accordingly, modification of the sentence is not war-

ranted since the prison and probationary terms are concurrent by operation of law (see, People v Piwowar, 101 AD2d 686). Mollen, P. J., Mangano, Brown, Kooper and Spatt, JJ., concur.