■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. SASS, JR., Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 13, 1990, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was initially sentenced to the time that he had served in the Rensselaer County Jail and was placed on probation upon his plea of guilty to attempted arson in the third degree. After his release from the County Jail, defendant was receiving counseling services for his addiction to setting fires at random. During his first overnight visit to Smith House in the City of Troy, Rensselaer County, defendant set fire to a trash can outside the building. As a result, his probation was violated and he entered a plea of guilty to

the violation. County Court imposed a prison sentence of 1⅓ to 4 years pursuant to the youthful offender statute and defendant was committed to the Department of Correctional Services. Following the imposition of sentence the court added, "I would like to have the commitment order itself recite that he should not be placed in the general population of any facility. If they have special programming for inmates of limited ability he should be placed there."

Defendant does not object to either the revocation of probation or the length of his sentence. Rather, he contends that County Court erred in sentencing him to time in a State prison, instead of a facility which would be more appropriate for persons who, like defendant, are mentally retarded.

Upon the imposition of an indeterminate sentence, County Court was required to commit defendant, who was then 21 years old, to the custody of the Department of Correctional Services (Penal Law § 70.20 [1]), and it is the Department's responsibility to decide which facility is appropriate for defendant (Correction Law § 71).

County Court's comments as to where defendant should or should not be placed following his commitment must be viewed as mere recommendations which do not affect the Department's authority. The Legislature has recognized that persons with mental retardation who come in contact with the criminal justice system may face special problems and has directed the Law Revision Commission to study the matter and, if necessary, recommend statutory revisions (L 1990, ch 65, as amended by L 1990, ch 737). Under the current statutory scheme, however, County Court correctly committed defendant to the Department following imposition of the indeterminate sentence; the judgment must therefore be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.