■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER THOMPSON, Appellant. [872 NYS2d 293]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 30, 2000 (*People v Thompson*, 276 AD2d 811 [2000]), affirming a judgment of the Supreme Court, Kings County, rendered June 2, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Rivera, Ritter and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA UBILES, Appellant. [873 NYS2d 660]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered February 20, 2001, as amended May 31, 2006, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant pleaded guilty with the full understanding that he would receive the sentence actually imposed, and, therefore, he has "no basis now to complain that his sentence was excessive" (*People v Kazepis*, 101 AD2d 816, 817 [1984]; *see People v Martinez*, 286 AD2d 447 [2001]; *People v Allen*, 269 AD2d 534 [2000]). In any event, under the circumstances of this case the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Ritter, Covello, McCarthy and Belen, JJ., concur.