■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEQUAN PRUDE, Appellant. [878 NYS2d 628]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered October 3, 2006, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty with the full understanding that he would receive the sentence actually imposed and, therefore, he has "no basis now to complain that his sentence was excessive" (*People v Kazepis*, 101 AD2d 816, 817 [1984]; *see People v Ubiles*, 59 AD3d 572 [2009]; *People v Grigg*, 53 AD3d 629, 630 [2008]). In any event, under the circumstances, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON SOUMVILAYSACK, Appellant. [878 NYS2d 627]—Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered February 22, 2008, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.