■ In the Matter of JOHN FERRERI, Respondent-Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Appellants-Respondents. [891 NYS2d 732]—

Cardona, P.J.

Petitioner pleaded guilty to one count of criminal possession of a forged instrument in the first degree and, under the terms of a plea agreement, was sentenced to a prison term of 4 to 8 years. Both the sentencing minutes and the uniform sentence and commitment form indicated that County Court recommended that petitioner be considered for the Comprehensive Alcohol and Substance Abuse Treatment (hereinafter CASAT) program. County Court also, however, signed a separate order directing that petitioner be enrolled in the CASAT program. Subsequently, after petitioner began serving his sentence, his application for admission to the CASAT program was denied. Petitioner commenced this CPLR article 78 proceeding seeking to annul that determination, which Supreme Court granted to the extent of ordering respondents to enroll petitioner in the first phase of the CASAT program. Respondents appeal and petitioner cross-appeals.

Petitioner argued before Supreme Court that respondents were required to enroll him in the CASAT program in accordance with County Court's order specifically directing his enrollment in that program. We do not agree. Although a sentencing court is empowered to direct an individual's enrollment in the CASAT program if the individual "stands convicted of a controlled substance or marihuana offense," such was not the case here (Penal Law § 60.04 [6]; *see People v Brown*, 58 AD3d 540, 540 [2009], *lv denied* 12 NY3d 814 [2009]). Under these circumstances, the separate order by County Court directing petitioner's enrollment in the CASAT program must be viewed as a nonbinding recommendation (*see* Correction Law § 71 [6]; *People v Brown*, 58 AD3d at 540; *People v Purley*, 297 AD2d 499, 501 [2002], *lv denied* 99 NY2d 503 [2002]; *People v Sass*, 182 AD2d 861, 862 [1992], *lv denied* 80 NY2d 837 [1992]). Since respondents were not required to enroll petitioner in the CASAT program, we need not address petitioner's further claim that

respondents were obliged to enroll him in all phases of that program.

Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application seeking a directive that he be enrolled in phase one of the Comprehensive Alcohol and Substance Abuse Treatment program; petition dismissed in its entirety; and, as so modified, affirmed.