■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. STRAUB, Appellant. [937 NYS2d 898]—

Malone Jr., J.

While defendant first challenges the voluntariness of his plea on the ground that he was not given adequate time to evaluate the offer, his failure to move to withdraw the plea or vacate the judgment of conviction renders this argument unpreserved for review (see People v Zimmerman, 87 AD3d 1225, 1225-1226 [2011]; People v Planty, 85 AD3d 1317, 1318 [2011], lv denied 17 NY3d 820 [2011]). To the extent that defendant argues that the exception to the preservation rule applies inasmuch as he made statements during the plea colloquy that suggested that his medications may have influenced his commission of the crime, we find that County Court conducted a sufficient inquiry thereafter to ensure that defendant understood the nature of the charge and that the plea was knowingly, voluntarily and intelligently entered (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Kilgore, 45 AD3d 886, 887-888 [2007], lv denied

10 NY3d 767 [2008]; *People v Mejias*, 293 AD2d 819, 819-820 [2002], *lv denied* 98 NY2d 699 [2002]). Defendant's argument that he was not afforded the effective assistance of counsel is also unpreserved for review (*see People v Campbell*, 89 AD3d 1279, 1279 [2011]; *People v Zimmerman*, 87 AD3d at 1225-1226) and, in any event, the record indicates that defendant was afforded meaningful representation. Defendant's remaining contentions have been reviewed and found to be lacking in merit.

Mercure, A.P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.