Spain, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 27, 2010, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree in full satisfaction of an eight-count indictment charging him with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, menacing in the first degree (two counts), assault in the third degree and endangering the welfare of a child (three counts). Pursuant to the plea terms, the People agreed not to pursue certain additional charges against defendant and County Court committed to a prison sentence of 10 years followed by five years of postrelease supervision. Defendant was sentenced as agreed and he now appeals.
Initially, the record does not reflect that defendant preserved his challenge to the voluntariness and factual sufficiency of his plea by making a motion to withdraw his plea or vacate the judgment of conviction (see People v Borden, 91 AD3d 1124, 1125 [2012], lv denied 19 NY3d 862 [2012]; People v Davis, 84 AD3d 1645, 1645 [2011], lv denied 17 NY3d 815 [2011]). Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness- of his plea (see People v Teele, 92 AD3d 972, 972 [2012]; People v Davis, 84 *1109 AD3d at 1646). Defendant’s related claim that he was denied the effective assistance of counsel is likewise unpreserved for our review and, in any event, the record does not support this claim (see People v Borden, 91 AD3d at 1125-1126; People v Gomez, 72 AD3d 1337, 1338 [2010]). Finally, defendant’s contention that his agreed-upon sentence was harsh and excessive is unpersuasive given his criminal history and the violent nature of his conduct, which was witnessed by his children (see People v Jackson, 67 AD3d 1067, 1069 [2009], lv denied 14 NY3d 801 [2010]; People v Milstead, 61 AD3d 1179, 1179 [2009]). Likewise lacking in merit is his claim that fees and surcharges were improperly imposed (see People v Hoti, 12 NY3d 742, 743 [2009]; People v Overton, 105 AD3d 1072, 1073 [2013]).
Lahtinen, J.P., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.