Stein, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 8, 2011, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
Defendant pleaded guilty to rape in the third degree in satisfaction of a two-count superceding indictment. In accord with the plea agreement, County Court sentenced defendant as a second felony offender to two years in prison, to be followed by 10 years of postrelease supervision. Defendant now appeals.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal was not valid, inasmuch as the record does not establish that defendant understood that his right to appeal was separate and apart from those rights that are automatically forfeited upon his guilty plea (see People v Brad *1017 shaw, 18 NY3d 257, 264-265 [2011]; People v Pimentel, 108 AD3d 861, 862 [2013], lv denied 21 NY3d 1076 [2013]; People v Ladieu, 105 AD3d 1265, 1265 [2013], lv denied 21 NY3d 1017 [2013]; People v White, 104 AD3d 1056, 1056 [2013], lv denied 21 NY3d 1018 [2013]; People v Veras, 103 AD3d 984, 985 [2013], lv denied 21 NY3d 947 [2013]). We next find that defendant’s challenge to the factual sufficiency and voluntariness of his plea is not preserved for our review, as there is no indication in the record that he made the appropriate postallocution motion (see People v Moses, 110 AD3d 1118, 1118 [2013]; People v Hasenflue, 110 AD3d 1108, 1108 [2013]; People v Straub, 92 AD3d 1028, 1028 [2012]). Moreover, inasmuch as defendant did not make any statements during the proceedings that cast doubt on his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation rule is not applicable here (see People v Hare, 110 AD3d 1117, 1117 [2013]; People v Secore, 102 AD3d 1059, 1060 [2013], lv denied 21 NY3d 1019 [2013]).
Finally, defendant’s sentence was not harsh or excessive. Notwithstanding the fact that County Court imposed the maximum possible term of postrelease supervision, when we consider defendant’s criminal history, his failure to accept responsibility for his actions and the record as a whole, we perceive no extraordinary circumstances or abuse of discretion that would warrant this Court’s intervention (see People v Coutant, 111 AD3d 981, 983 [2013]; People v Jaeger, 96 AD3d 1172, 1173 [2012], lv denied 19 NY3d 997 [2012]).
Peters, EJ., Lahtinen and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.