Lahtinen, J.
Appeals (1) from a judgment of the County Court of Albany County (Herrick, J), rendered April 21, 2011, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree (two counts), and (2) by permission, from an order of said court, entered September 10, 2013, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in a 23-count indictment with *1316 defrauding numerous individuals who paid him to acquire and install kitchen cabinets. He pleaded guilty in Albany County to two counts of grand larceny in the third degree in satisfaction of the indictment, and waived his right to appeal. The plea agreement contemplated that defendant would be sentenced to an aggregate prison term of 3V3 to 10 years, which would encompass any sentence of imprisonment imposed as a result of convictions upon similar charges in other counties. County Court warned defendant that he could receive an enhanced prison sentence of up to 42/3 to 14 years, and could receive additional prison time arising from the other pending charges, if he violated the terms of the plea agreement. Defendant admittedly violated the agreement by failing to appear for sentencing and by being arrested and charged with a new offense and, as such, County Court sentenced him to 42/3 to 14 years in prison. County Court subsequently denied, without a hearing, defendant’s motion to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Dealing first with defendant’s direct appeal, “[n]othing in the record at the time of the plea discloses that [defendant’s] plea was unknowing or involuntary, or that it was rendered so due to counsel’s representation” (People v Deyo, 82 AD3d 1503, 1504 [2011], lv denied 17 NY3d 815 [2011]; accord People v Vallee, 97 AD3d 972, 973 [2012], lv denied 20 NY3d 1104 [2013]). Defense counsel negotiated a favorable plea agreement, the terms of which were clearly stated to defendant, and defendant indicated that he understood those terms and had discussed them with counsel to his satisfaction. Defendant then engaged in a detailed plea colloquy with County Court wherein he expressed his understanding of the rights he was giving up by pleading guilty and stated that he had not been pressured to do so. He further admitted, in detail, that he had committed the crimes to which he was pleading guilty. Contrary to his contentions, the record also demonstrates that he was thinking clearly when he elected to plead guilty and that he was knowingly forfeiting his right to obtain decisions on his pretrial motions by doing so. We are accordingly satisfied that defendant entered a knowing, voluntary and intelligent guilty plea (see People v Nascimento, 47 AD3d 1076, 1076 [2008]; People v Whitehurst, 291 AD2d 83, 86 [2002], lv denied 98 NY2d 642 [2002]). We further find defendant’s appeal waiver to be a valid one and, given that he was aware of the consequences of violating the plea agreement and had admittedly done so, said waiver precludes us from reviewing his challenge to the enhanced sentence (see People v Crowder, 110 AD3d 1384, 1386 [2013], lv granted 22 NY3d 1155 [2014]).
*1317 Defendant’s claim that his plea was not voluntary due to the ineffective assistance of counsel, to the extent that it relied upon information in the record, was “not the proper subject of a CPL 440.10 motion” (People v Vallee, 97 AD3d at 974; see CPL 440.10 [2] [b]). As for matters outside of the record, defendant declined an opportunity for a hearing to determine whether he violated the plea agreement and admitted that he had done so in order to avoid additional prison time on a variety of pending charges against him. Accordingly, defense counsel’s purported failure to place additional facts before County Court at the time of sentencing would not have altered the sentence imposed (see CPL 440.30; People v Griffin, 89 AD3d 1235, 1237-1238 [2011]). We have reviewed the remaining claims in defendant’s motion and, suffice it to say, perceive no abuse of discretion in the denial of it by County Court without a hearing.
Peters, RJ., Garry and Rose, JJ., concur.
Ordered that the judgment and order are affirmed.