1288

Peters, P.J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 29, 2011, convicting defendant upon her plea of guilty of the crime of attempted assault in the first degree.

In satisfaction of a three-count indictment, defendant entered into a negotiated plea agreement pursuant to which she entered a guilty plea to a reduced count of attempted assault in the first degree. The charges arose from defendant's admitted conduct in intentionally striking the victim with her car while driving, causing serious physical injuries. As part of the agreement, defendant waived her right to appeal the conviction and sentence and, in exchange, was promised a prison sentence of no more than nine years but not less than $3^1/_2$ years, with three years of postrelease supervision. County Court imposed a sentence of $8^1/_2$ years in prison, with three years of postrelease supervision, restitution and other terms. Defendant now appeals.

Initially, defendant argues that her appeal waiver and guilty plea were not knowing, voluntary and intelligent. A review of the plea colloquy establishes that defendant made a voluntary and knowing choice to waive her right to appeal (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Callahan, 80 NY2d 273, 279-280 [1992]).* While defendant's challenge to the voluntariness of her plea survives that appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]), the record on appeal does not reflect that she challenged her guilty plea on this ground in a motion to withdraw her plea and, as such, this claim is unpreserved for appellate review (see People v Watson, 115 AD3d 1016, 1017 [2014]; People v White, 104 AD3d 1056, 1056 [2013], lv denied 21 NY3d 1018 [2013]). In any event, we find that the plea was knowing, voluntary and intelligent (see People v Tyrell, 22 NY3d 359, 365-366 [2013]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]).

Finally, given that County Court abided by its sentencing commitment, defendant's challenge to the sentence as harsh and excessive is precluded by her valid and unqualified appeal waiver (see People v Lopez, 6 NY3d at 255-256; People v Martin, 105 AD3d 1266, 1267 [2013]).

---

* The written waiver of appeal, which the record reflects was signed and discussed in open court, is not included in the record on appeal.

Lahtinen, Garry, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. GERMAIN, Appellant. [993 NYS2d 522]—Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered February 28, 2012, which revoked defendant's probation and imposed a sentence of imprisonment.

Judgment affirmed. No opinion.

Peters, P.J., Stein, McCarthy, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. FISHER, Appellant. [989 NYS2d 918]—Appeal from a judgment of the Supreme Court (Breslin, J.), rendered June 14, 2012 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In full satisfaction of a five-count indictment, defendant pleaded guilty to attempted burglary in the second degree and waived his right to appeal. He was thereafter sentenced, pursuant to the plea agreement, to a prison term of seven years to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's contention, our review of the plea colloquy and the counseled written waiver executed by defendant establish that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (*see People v Frasier*, 105 AD3d 1079, 1080 [2013], *lv denied* 22 NY3d 1088 [2014]; *People v Ferro*, 101 AD3d 1243, 1244 [2012], *lv denied* 20 NY3d 1098 [2013]). Defendant's sole remaining contention on appeal, that the sentence is harsh and excessive, is precluded by his valid appeal waiver (*see People v Newton*, 113 AD3d 1000, 1001 [2014]; *People v Marshall*, 108 AD3d 884, 884 [2013], *lv denied* 22 NY3d 957 [2013]).

Lahtinen, J.P., Garry, Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOUSE, Appellant. [989 NYS2d 919]—Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 11, 2012, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. Under the terms of the plea agreement, he was to be