*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 31, 2014                    104983
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ELIA JACKSON,
                    Appellant.
_____

Calendar Date:  May 28, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Steven M. Sharp of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 29, 2011, convicting defendant upon her plea of guilty of the crime of attempted assault in the first degree.

        In satisfaction of a three-count indictment, defendant entered into a negotiated plea agreement pursuant to which she entered a guilty plea to a reduced count of attempted assault in the first degree.  The charges arose from defendant's admitted conduct in intentionally striking the victim with her car while driving, causing serious physical injuries.  As part of the agreement, defendant waived her right to appeal the conviction and sentence and, in exchange, was promised a prison sentence of

no more than nine years but not less than 3½ years, with three years of postrelease supervision. County Court imposed a sentence of 8½ years in prison, with three years of postrelease supervision, restitution and other terms. Defendant now appeals.

Initially, defendant argues that her appeal waiver and guilty plea were not knowing, voluntary and intelligent. A review of the plea colloquy establishes that defendant made a voluntary and knowing choice to waive her right to appeal (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Callahan, 80 NY2d 273, 279-280 [1992]).[1] While defendant's challenge to the voluntariness of her plea survives that appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]), the record on appeal does not reflect that she challenged her guilty plea on this ground in a motion to withdraw her plea and, as such, this claim is unpreserved for appellate review (see People v Watson, 115 AD3d 1016, 1017 [2014]; People v White, 104 AD3d 1056, 1056 [2013], lvs denied 21 NY3d 1018, 1021 [2013]). In any event, we find that the plea was knowing, voluntary and intelligent (see People v Tyrell, 22 NY3d 359, 365-366 [2013]; People v Fiumefreddo, 82 NY2d 536, 543 [1992]).

Finally, given that County Court abided by its sentencing commitment, defendant's challenge to the sentence as harsh and excessive is precluded by her valid and unqualified appeal waiver (see People v Lopez, 6 NY3d at 255-256; People v Martin, 105 AD3d 1266, 1267 [2013]).

Lahtinen, Garry, Rose and Devine, JJ., concur.

---

[1] The written waiver of appeal, which the record reflects was signed and discussed in open court, is not included in the record on appeal.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court