*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    105403
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

EDWARD L. DEAN,
                        Appellant.
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        John J. Raspante, Utica, for appellant, and appellant
pro se.

        William G. Gabor, District Attorney, Wampsville (Elizabeth
S. Healy of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Madison
County (McDermott, J.), rendered September 26, 2012, upon a
verdict convicting defendant of the crimes of rape in the third
degree (three counts) and endangering the welfare of a child
(three counts).

        Defendant was charged with three counts each of rape in the
third degree and endangering the welfare of a child stemming from
allegations that, when he was 48 years of age, he repeatedly had
sexual intercourse with a 15-year-old girl.  After a Huntley
hearing, defendant's motion to suppress the oral and written
statements he made to police was denied.  Defendant was convicted
as charged following a jury trial, and County Court sentenced him

to an aggregate prison term of 12 years to be followed by 10 years of postrelease supervision. Upon defendant's appeal, we affirm.

Defendant initially asserts in his pro se brief that defense counsel was ineffective, but our review of the record discloses that counsel filed an omnibus motion, familiarized himself with the relevant evidence, effectively cross-examined the People's witnesses at both the Huntley hearing and at trial, advanced a cogent trial strategy, made relevant objections and gave coherent opening and closing statements (see People v Green, 119 AD3d 23, 31 [2014], lv denied 23 NY3d 1062 [2014]; People v Jabaut, 111 AD3d 1140, 1146 [2013], lv denied 22 NY3d 1139 [2014]). Although defendant correctly points out that defense counsel acknowledged not watching all of defendant's videotaped interviews with the police, defendant was interviewed regarding other criminal behavior that County Court had already ruled to be inadmissible as part of the People's case-in-chief and defense counsel plainly had viewed the relevant portion of the videotape. We are, accordingly, satisfied that defendant received meaningful representation (see People v Green, 119 AD3d at 31).

Contrary to the further argument of defense counsel, the sentence imposed was not harsh and excessive. Considering defendant's prior criminal history, which includes a prior conviction for sexual abuse in the third degree, as well as the severity of the conduct at issue here, "we perceive no extraordinary circumstances or abuse of discretion that would warrant this Court's intervention" (People v Watson, 115 AD3d 1016, 1017 [2014], lv denied 24 NY3d 965 [2014]; see People v Terry, 85 AD3d 1485, 1486 [2011], lv denied 17 NY3d 862 [2011]).

We have examined the remaining contentions in defendant's pro se brief and found them to lack merit.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court