*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 20, 2014          103921
                                                105455

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

          v                              MEMORANDUM AND ORDER

RAYMOND VAN CLIEF,
                    Appellant.
_____

Calendar Date: October 15, 2014

Before: Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Timothy S. Brennan, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____

Stein, J.

        Appeals (1) from a judgment of the County Court of
Schenectady County (Giardino, J.), rendered November 29, 2010,
convicting defendant upon his plea of guilty of the crime of
manslaughter in the first degree, and (2) by permission, from an
order of said court (Drago, J.), entered December 12, 2012, which
denied defendant's motion pursuant to CPL 440.10 to vacate the
judgment of conviction, without a hearing.

        Defendant was charged in an indictment with various crimes,
including murder in the second degree, after he shot and killed
his ex-wife's paramour. Following the denial of his motion to
suppress statements made to police and the granting of the
People's motion to preclude psychiatric evidence, defendant

pleaded guilty to manslaughter in the first degree and waived his right to appeal. Defendant was thereafter sentenced, in accordance with the plea agreement, to 23 years in prison to be followed by five years of postrelease supervision. Defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction was denied, and defendant now appeals from both the judgment of conviction and, by permission, the order denying his motion to vacate the judgment.

Initially, we reject defendant's contention that his waiver of the right to appeal is invalid. County Court (Giardino, J.) adequately explained the nature of the right to appeal and elicited an explanation of the right from defendant in his own words to ensure his understanding. In addition, defendant signed a detailed written waiver in open court that further explained the nature of the right and clarified that it was separate and distinct from the rights automatically forfeited upon a plea of guilty. In our view, defendant knowingly, intelligently and voluntarily waived his right to appeal his conviction and sentence (see People v Bradshaw, 18 NY3d 257, 264-267 [2011]; People v Ramos, 7 NY3d 737, 738 [2006]), thereby precluding his claim that his sentence is harsh and excessive (see People v Fisher, 119 AD3d 1289, 1289 [2014]).

While defendant's challenge to the voluntariness of the plea survives his valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]), his contentions that he was not adequately informed of the terms of the plea and did not have sufficient time to consider them are unpreserved inasmuch as he failed to move to withdraw his plea (see People v Morales, 119 AD3d 1082, 1084 n [2014]), and the narrow exception to the preservation rule is inapplicable inasmuch as defendant made no statements during the allocution that would cast doubt on the voluntariness of the plea (see People v Jackson, 119 AD3d 1288, 1288 [2014]; People v Watson, 115 AD3d 1016, 1017 [2014], lv denied 24 NY3d 965 [2014]). In any event, his challenge to the voluntariness of his plea, including his related claim of ineffective assistance of counsel, is belied by the record.

Turning to the denial of the CPL 440.10 motion to vacate the judgment of conviction, defendant asserted, among other things, that his counsel was ineffective by failing to timely disclose his history of posttraumatic stress disorder. However, we note that he failed to present any medical evidence in connection with his CPL 440.10 motion to support his claim that he has been diagnosed with the disorder, and there is no such evidence in the record before us. These circumstances do not warrant reversal of either the judgment of conviction or the denial of his CPL 440.10 motion (see People v Vallee, 97 AD3d 972, 973-974 [2012], lv denied 20 NY3d 1104 [2013]; see also People v Morin, 117 AD3d 1315, 1316-1317 [2014]). Defendant's remaining arguments have been considered and found to be lacking in merit.

Peters, P.J., Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court