The People of the State of New York, Respondent,
against
Bernard Black, Appellant.



Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Queens County (Dorothy Chin-Brandt, J.), imposed August 18, 2014, upon his conviction of criminal obstruction of breathing or blood circulation, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant pleaded guilty to criminal obstruction of breathing or blood circulation (Penal Law § 121.11), arising from allegations that he had choked the complainant to unconsciousness. In accordance with the terms of the plea agreement, defendant was sentenced to a split sentence of a 30-day jail term and three years' probation (see Penal Law § 60.01 [2] [d]), and a final order of protection was issued. Defendant has since completed the jail term of his sentence. On appeal, defendant contends that his sentence of probation was harsh and excessive and, in order to avoid his serving the remaining period of probation, the sentence should be modified to the "definite jail term he has already served."
Generally, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Caguana, 69 AD3d 953 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Grigg, 53 AD3d 629 [2008]). Under the circumstances presented, we find no basis to deviate from that rule. In any event, the sentence did not constitute an abuse of sentencing discretion, and the sentence will not be modified in the interest of justice.
Accordingly, the sentence is affirmed.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: June 29, 2016