The People of the State of New York, Respondent, 
against
Bruno U. Onyeukwu, Appellant.




Appellate Advocates (Dina Zloczower, Esq.), for appellant.
Queens County District Attorney (Nancy Fitzpatrick Talcott, Esq., John M. Castellano, Esq., Johnnette Traill, Esq. of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), imposed May 1, 2015, upon his conviction of aggravated unlicensed operation of a motor vehicle in the third degree, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant, while represented by counsel, pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) in satisfaction of an accusatory instrument that charged him with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a]), failing to signal a turn (Vehicle and Traffic Law § 1163 [a]), and driving without a license (Vehicle and Traffic Law § 509 [1]). In accordance with the terms of a plea agreement, defendant was sentenced to a conditional discharge and to pay a fine in the amount of $300. On appeal, defendant contends that his sentence was excessive and that a fine in the amount of $200, the minimum allowable under Vehicle and Traffic Law § 511 (1) (b), should have been imposed.
As a general rule, a defendant who has been sentenced according to the terms of a [*2]bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Caguana, 69 AD3d 953 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Grigg, 53 AD3d 629 [2008]). Under the circumstances presented, we find no basis to deviate from that rule. The record demonstrates that the sentence imposed was not excessive as it did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; People v Taylor, 44 Misc 3d 129[A], 2014 NY Slip Op 50986[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Moreover, the fine is not inherently onerous, there is nothing in the record to indicate that defendant lacked the resources to pay the fine, despite the appointment of assigned counsel to represent him (see People v Watson, 90 AD3d 1666 [2011]; People v Gallacher, 278 AD2d 935 [2000]; People v Jackson, 49 Misc 3d 134[A], 2015 NY Slip Op 51464[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), and, indeed, defendant has paid the fine.
Accordingly, the sentence is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 25, 2017