People v Feigelson (2023 NY Slip Op 23042)

People v Feigelson

2023 NY Slip Op 23042 [78 Misc 3d 23]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 17, 2023

[*1]

The People of the State of New York, Respondent,
v
Daniel P. Feigelson, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, January 12, 2023

APPEARANCES OF COUNSEL

Daniel P. Feigelson, appellant pro se.
Paul Ackermann for respondent.

{**78 Misc 3d at 24} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed, and the matter is remitted to the Justice Court to offer defendant the opportunity to enter into an installment payment plan pursuant to Vehicle and Traffic Law § 1802 (2).
In September 2020, defendant was issued a uniform traffic ticket charging him with speeding, to which he pleaded not guilty. Thereafter, defendant moved to plead guilty to the reduced charge of stopping, standing or parking a vehicle within 15 feet of a fire hydrant in violation of Vehicle and Traffic Law § 1202 (b) (2), and to waive his right to appeal from the judgment convicting him of that offense. By a form document dated August 24, 2021, the Justice Court accepted defendant's plea and sentenced him to a $325 fine and a $25 surcharge. The document also informed defendant that his driver's license would be suspended if he did not pay $350 by September 14, 2021.
On appeal, defendant contends, among other things, that he should be allowed to [*2]withdraw his plea because, in effect, it was not entered into knowingly, voluntarily and intelligently, as he did not understand that an element of Vehicle and Traffic Law § 1202 (b) (2) includes his vehicle hindering a fire vehicle's{**78 Misc 3d at 25} access to a fire hydrant; and that he should be allowed to pay any fine and surcharge in installments as required by New York's Driver's License Suspension Reform Act, which went into effect prior to his conviction.
[1] We note that defendant's waiver of his right to appeal is not enforceable because his waiver statement did not adequately indicate that the nature of the right to appeal—i.e., that it is separate and distinct from the rights automatically forfeited upon a plea of guilty—was explained to him, and such an explanation is required to render the purported waiver of the right to appeal valid (see People v Bradshaw, 18 NY3d 257, 264-267 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Van Clief, 122 AD3d 1062 [3d Dept 2014]; People v Andrews, 59 Misc 3d 149[A], 2018 NY Slip Op 50816[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Rodriguez, 58 Misc 3d 149[A], 2018 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
[2] A review of the record indicates that defendant, in his motion to plead guilty to a reduced charge, clearly requested to plead guilty to violating Vehicle and Traffic Law § 1202 (b) (2), which not only includes the element that defendant's vehicle be stopped, standing or parked within 15 feet of a fire hydrant, but also the element that defendant's vehicle "hinder[ed] the access of a fire vehicle to a fire hydrant while such fire vehicle is engaged in an emergency operation." As defendant pleaded guilty to the exact charge he requested, we find that he failed to show that his plea was not entered into knowingly, voluntarily and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]).
Pursuant to Vehicle and Traffic Law § 1802 (2), "the court . . . shall offer" a driver an installment payment plan whenever a fine or surcharge is imposed "upon a conviction of a violation of any of the provisions of this chapter or any local law, ordinance, order, rule or regulation made by local authorities in relation to traffic." Both Vehicle and Traffic Law §§ 1202 (b) (2) and 1802 are contained within chapter 71 of the Vehicle and Traffic Law. The record, however, does not indicate that defendant was offered an installment payment plan when the court imposed the fine and surcharge.
We pass on no other issue.
{**78 Misc 3d at 26}Accordingly, the judgment of conviction is affirmed, and the matter is remitted to the Justice Court to offer defendant the opportunity to enter into an installment payment plan pursuant to Vehicle and Traffic Law § 1802 (2).
Garguilo, P.J., Emerson and Driscoll, JJ., concur.