People v Castillo (2023 NY Slip Op 50783(U))

[*1]

People v Castillo (Andres)

2023 NY Slip Op 50783(U)

Decided on July 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2022-16 W CR

The People of the State of New York, Respondent,
against
Andres Castillo, Appellant. 

Richard L. Herzfeld, for appellant.
Westchester County District Attorney (William C. Milaccio of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the City Court of Yonkers, Westchester County (Elena Goldberg-Velazquez, J.), imposed June 14, 2021, upon his conviction of criminal contempt in the second degree, following his plea of guilty.

ORDERED that the sentence is affirmed.
Following negotiations, defendant pleaded guilty to criminal contempt in the second degree (Penal Law § 215.50 [3]), a class A misdemeanor, in satisfaction of three dockets, and was sentenced to time served and three years' probation with drug and domestic violence conditions. On appeal, defendant contends that his waiver of appeal was invalid and that his sentence was illegal and excessive.
A review of the record indicates that defendant's waiver of his right to appeal was invalid because his waiver statement did not adequately indicate that he "comprehend[ed] that the appeal waiver is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Bradshaw, 18 NY3d 257, 264 [2011] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]; People v Van Clief, 122 AD3d 1062 [2014]; People v Brown, 122 AD3d 133 [2014]; People v Feigelson, 78 Misc 3d 23 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
Penal Law § 60.01 (2) (d) states that:
"In any case where the court imposes a sentence of imprisonment not in excess of sixty [*2]days, for a misdemeanor . . . it may also impose a sentence of probation . . . provided that the term of probation . . . together with the term of imprisonment shall not exceed the term of probation . . . authorized by article sixty-five of this chapter. The sentence of imprisonment shall . . . run concurrently with the sentence of probation . . ."
Penal Law § 65.00 (3) (b) (i) authorizes a probationary term of "two or three years" for class A misdemeanors. Here, the City Court sentenced defendant to the promised split sentence of time served and three years' probation, and it is uncontroverted that he had served less than 60 days in jail at that point. Although the court did not expressly state that the term of imprisonment and term of probation were to run concurrently, it also did not state that the terms were consecutive.
We find that defendant's contention that the sentence was illegal because the sentence of time served and three years' probation exceeded the maximum of three years authorized by Penal Law §§ 60.01 (2) (d) and 65.00 (3) (b) (i) lacks merit. When a sentence of imprisonment is imposed along with a period of probation, "[t]he sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation" (Penal Law § 60.01 [2] [d]) and, consequently, "modification of the sentence is not warranted since the prison and probationary terms are concurrent by operation of law" (People v Riley, 152 AD2d 757, 759-760 [1989]; see People v Beaner, 219 AD2d 827, 828 [1995]; People v Piwowar, 101 AD2d 686 [1984]). Defendant has been sentenced according to the terms of a bargained-for plea and sentencing agreement, and the sentence was not unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Caguana, 69 AD3d 953, 954 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Kazepis, 101 AD2d 816, 817 [1984]; People v Suitte, 90 AD2d 80 [1982]).
Accordingly, the sentence is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2023